IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JEFF KENNEDY and
JACKSON KENNEDY,

Plaintiffs,

vs.

NICHOLAS SCHLOSSER,
CHAD LEITZEN, and
THE CITY OF DUBUQUE, IOWA,
a Municipal Corporation

Defendants.

No. C11-1032

RULING ON MOTION *IN LIMINE*

On the 18th day of January 2013, this matter came on for telephonic hearing on the Motions *in Limine* (docket number 27) filed by the Plaintiff on December 28, 2012. The Plaintiff, Jeff Kennedy, was represented by his attorneys, Chris Daniel Stombaugh and Scott Dewitt Winston.[1] The Defendants were represented by their attorneys, Les V. Reddick and Todd L. Stevenson.

In his motion, Plaintiff raises eight issues:

1.  **Prior convictions, military discharge, and alleged bad acts.** First, Plaintiff asks that Defendants be prohibited from introducing any evidence, or otherwise referencing, Plaintiff's criminal record, his bad-conduct discharge from the Navy, or other "bad acts." Plaintiff's criminal record is apparently reflected by the list set forth in his brief (docket number 27-1) at page 3. Most of the convictions — some dating back more than 25 years — are driving offenses, although Plaintiff has been convicted of possession of a controlled substance, delivery of a controlled substance, and harassment in the third

---

[1] While Jackson Kennedy remains a named plaintiff, the Court was advised at the final pretrial conference that his consortium claim will be dismissed.

degree. On May 31, 2012, Defendant was apparently charged in state court with possession of a controlled substance and possession of drug paraphernalia. Those charges are still pending.

At the instant hearing, Defendants' counsel advised the Court that he has no intention of asking Plaintiff about his prior criminal record. Defendants argue, however, that Plaintiff's two pending drug charges are relevant to the issue of damages. Plaintiff claims that he is suffering emotional distress as a consequence of the incident giving rise to this lawsuit. Defendants argue that the pending criminal charges are stressors which contribute to Plaintiff's emotional distress. Without hearing Plaintiff's evidence regarding his claimed emotional distress, and without knowing more about the pending charges, the Court is unable to determine their admissibility. Accordingly, the Court conditionally grants the motion *in limine*. Prior to offering evidence regarding any pending criminal charges, Defendants must make an appropriate offer of proof outside the presence of the jury.

Defendants also intend to offer a seven-page "involvements report," which apparently lists all of the contacts which Plaintiff has had with the Dubuque Police Department since approximately 2001. In his brief, Plaintiff states that he intends to present evidence that his "repeated complaints to the Dubuque Police Department was the underlying motivation for Defendants Schlosser and Leitzen's use of excessive force."[2] Accordingly, Plaintiff has no objection to the introduction of that portion of the report in which he is the complainant. Plaintiff argues, however, that the remaining entries lack specificity and are irrelevant. The Court concludes it is unable to determine, on this record, whether Plaintiff's other contacts with the Dubuque Police Department are admissible. Accordingly, the motion *in limine* will be conditionally granted. Before offering evidence regarding contacts in which Plaintiff was not the complainant, Defendants must first make an offer of proof outside the presence of the jury.

---

[2] *See* Plaintiff's Brief (docket number 27-1) at 7.

2

In November 1987, Plaintiff received a "bad-conduct discharge" from the United States Navy, and was confined at hard labor for 100 days. According to his brief, Plaintiff's discharge was related to possession of marijuana. Plaintiff's brief also refers to an incident in 1984, when Plaintiff pleaded guilty to a charge of issuing a false report of an accident following a collision in which his vehicle was struck by a train. At this time, it would appear that evidence regarding Plaintiff's bad conduct discharge or his false report are not relevant to the issues in this case. Accordingly, the motion *in limine* will be granted. If Defendants believe that Plaintiff has "opened the door" to this testimony during the course of the trial, then they may make an appropriate offer of proof.

2. **Allegations that plaintiff shouted a racial epithet.** The incident giving rise to this lawsuit occurred on September 1, 2009. Officers were dispatched to Plaintiff's home. Defendants assert that a neighbor, who is a park ranger, will testify that he heard Plaintiff yell the "N-word" at other neighbors, and told them to "go back to Africa." Defendant Chad Leitzen will apparently testify that these allegations were reported to him prior to the altercation on Plaintiff's porch. Plaintiff concedes that a witness will claim that Plaintiff yelled "go back to Africa," but counsel asserted at the hearing that there is no witness who will testify from personal knowledge that they heard Plaintiff use the N-word.

Plaintiff first argues that "police reports" — without specifying the reports to which he is referring — contain double hearsay. Initially, the Court notes that the parties have already agreed in the Final Pretrial Order that certain police reports will be introduced as exhibits at the time of hearing without further foundation or objection. Accordingly, the Court must assume that Plaintiff's objections go to some other police report, which has not been previously agreed to as an exhibit.

If a witness testifies at the trial that he or she heard Plaintiff yell "go back to Africa" or use the N-word, then it is not hearsay because it is not being offered to prove the truth of the matter asserted, and the declarant is a party to the action. If Officer

3

Leitzen testifies that prior to the altercation he was told that Plaintiff made those statements, then it is not hearsay because it is again not being offered for the truth of the matter asserted. Rather, it is offered to show what Leitzen knew regarding the situation prior to the confrontation, and why he took certain actions. Accordingly, the Court believes that the evidence is relevant.

The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. FED. R. EVID. 403. Most people agree that the N-word is highly derogatory, and it has the potential of inflaming the jury. The Court believes, however, that in order to understand the circumstances confronting the officers when they arrived on the scene, the Defendants must be able to tell the jury what they saw and were told at that time. Accordingly, the Court rejects Plaintiff's Rule 403 argument.

3. **Statement by Plaintiff to newspaper reporter.** After the lawsuit was filed, a newspaper article appeared in the *Dubuque Telegraph Herald*. Plaintiff allegedly told the reporter that "I plan on suing the city for a very large sum of money — I'd imagine it will be in the millions."[3] The newspaper article itself is hearsay. The reporter who wrote the article is not listed as a witness. Even if the reporter could be called as a witness, and would testify that Plaintiff made the statement attributed to him in the article, the Court finds that it has no probative value and Plaintiff's motion *in limine* will be granted.

4. **Argument equating medical expenses with pain and suffering.** Plaintiff does not intend to offer any evidence regarding medical bills incurred as a result of this incident. That is, Plaintiff will apparently offer evidence regarding his injuries and the treatment he received, but he does not make any claim for past or future medical expenses. Plaintiff asks that the Court prohibit Defendants from arguing that because Plaintiff is not seeking medical expenses, it somehow impacts the "pain and suffering" which he endured. According to their brief, Defendants "do not intend on making any argument to the jury

---

[3] *See Dubuque Telegraph Herald* article (docket number 27-9).

that Kennedy's damage award for pain and suffering should somehow be tied to the value of medical care," and they do not resist this portion of the motion *in limine*.[4]

5. **Medical conditions, care, and treatment which are unrelated to this claim.** In his motion and supporting brief, Plaintiff refers generally to unrelated medical conditions and "potentially embarrassing personal information" regarding Plaintiff. At the time of hearing, it was determined that Plaintiff is referring to earlier bouts with gonorrhea and other sexually transmitted diseases. Defendant's counsel advised the Court that he had no intention of offering such evidence. Both parties will apparently offer evidence, however, regarding Plaintiff's alleged pre-existing disability and injuries, to the extent they are relevant to this altercation.

6. **Evidence relating to Defendants' accomplishments, awards or character.** Plaintiff asks that Defendants be prohibited from offering evidence regarding their "involvement in the community, donations to charity, or other conduct that exhibits their 'good character.'"[5] Defendants' counsel advised the Court at the hearing that he has no intention of offering the kind of evidence apparently referred to by Plaintiff in the motion. However, the Court will permit a limited amount of background evidence regarding any witness, such as their age, employment, and marital status.

7. **Child in the backyard with a metal pipe.** Lieutenant Steve Radloff, who apparently arrived at the scene while the altercation was ongoing on the porch, will testify that he observed a 13 or 14-year-old attempting to climb up over the porch with a metal rod. Defendants believe that the person is one of Plaintiff's children. Defendants' counsel was unable to advise the Court, however, whether either of the Defendant officers will testify that they were conscious of the child while the altercation was ongoing. Plaintiff's motion *in limine* will be conditionally granted. If Defendants believe that this evidence is

---

[4] *See* Defendant's Brief in Resistance (docket number 35) at 8.

[5] *See* Plaintiff's Brief (docket number 27-6) at 1.

relevant at the time of trial, then they must first make an offer of proof outside the presence of the jury.

8. **Later encounter with Plaintiff's sister.** Some time after these events, Plaintiff's sister allegedly confronted Defendant Schlosser. Plaintiff argues that the subsequent incident is irrelevant to this case and is, therefore, inadmissible. Defendants agree. Accordingly, neither party will be permitted to offer evidence or other comments regarding the incident between Schlosser and Plaintiff's sister.

### ORDER

The Motion *in Limine* (docket number 27) filed by the Plaintiff is **GRANTED** in part and **DENIED** in part as set forth above. To the extent the motion *in limine* has been granted, neither party is permitted to offer any testimony or argument regarding the objectionable evidence, and shall instruct its witnesses not to volunteer any information in that regard.

DATED this 23rd day of January, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA